RICHARD ALDWORTH, PROSECUTOR, v. FRANK M. BAG-
WELL ET AL., DEFENDANTS.

Argued May 5, 1942—Decided June 9, 1942.

Before Justices CASE, DONGES and COLIE.

For the prosecutor, *Maxmilian M. Stallman.*

For the defendants, *John H. Yauch, Jr.*

The opinion of the court was delivered by

DONGES, J.    This writ of *certiorari* brings up a determina-
tion of the trustees of the Newark Board of Works Pension
Association holding that the disability of the prosecutor is
not the result of an injury or illness incurred in the discharge
of his duties as manager of the Newark municipal airport
and that he is not, therefore, entitled to a pension on the basis
of disability arising from employment but on the basis of
disability arising from other causes.

It is first argued by the defendant trustees that this court
will not weigh the factual features of the case on *certiorari*
and that the determination of the trustees is final and not
subject to review on the fact issue, unless fraud or *mala fides*
entered into the determination.    We consider that this is not
so and that it is within the power of this court to weigh the
evidence in such a case under the authority of *Moore* v. *Fire
and Police Pension Fund Commission of the City of Paterson,*
10 *N. J. Mis. R.* 854, affirmed on the opinion of the Supreme

Court, 112 *N. J. L.* 17. There Mr. Chief Justice Brogan, speaking for the Supreme Court, said, "The respondent, the pension commission, takes the position that this court will not review evidence with a view to ascertaining whether it might have reached a different conclusion from the tribunal below and that if the judgment of the pension commission can be supported it will not be disturbed.

"This generally states the law on this question, but there are certain exceptions thereto and the instant case is one of them. The facts in this case are reviewable in this court."

We can perceive no distinction in this regard between a pension commission and the trustees of a pension association. Both were dealing with the right of an applicant for a pension to receive an award and were weighing the facts in the light of the rules of the pension systems. We think the prosecutor has the right to have the facts reviewed.

The prosecutor suffered a fall in the course of his work at the airport on September 6th, 1934, and it is claimed that the injuries resulting from this fall are the cause of his present condition of disability. It is the position of the defendants that prosecutor's condition is caused by a glandular trouble known as lymphadenopathy or Hodgkin's disease. It is admitted that he is suffering from this disease.

In May, 1940, prosecutor applied to the Director of the Department of Public Affairs for retirement under the pension law. His physician made affidavit that prosecutor was disabled by a back injury resulting from the 1934 fall. The examining physician for the trustees examined prosecutor and reported thereon to the trustees at length, ending his report: "Conclusion: I feel that the patient is disabled for further work, and the disabling factor either in part or in total is due to the injuries of 1934." Thereupon, on June 7th, 1940, he was retired upon an annual pension of $6,250, being at the rate of one-half his salary. Under the statute, if his disability is due to the glandular disease, the maximum pension which could be paid him is $2,000 per year.

Under date of September 26th, 1941, prosecutor was informed that, in accordance with the practice requiring members of the association receiving pensions to submit to a

physical examination annually, he should arrange for an examination by the physician for the association. He was asked to supply a letter directed to the War Department in Washington authorizing the sending of a copy of prosecutor's medical history from the Walter Reed Hospital. This he did.

Prosecutor was examined by Dr. J. V. Reilly, physician for the association, who reported to the trustees, and testified at the hearing that in his opinion the disability of prosecutor was caused by Hodgkin's disease and not by the back injury from the fall. After his examination of prosecutor, Dr. Reilly suggested an examination by a qualified orthopedist for a fuller report on the back condition. Dr. Reilly selected Dr. John J. Flanagan, which selection was concurred in by prosecutor's physician. Dr. Flanagan made a detailed report in which he stated that he found "the definite presence of marked involuntary spasm of the posterior spinal muscles and the definite marked spasm and limitation of motion of the lumbar spine were evidence of loss of function of the lumbar spine and lumbrosacral region of the spine.

In all probability, this loss of function is the direct result of trauma. If we accept the patient's word that he had never injured his spine previous to the accident at Newark Airport, we must conclude that the loss of function now present is the result of the injury which occurred when the patient fell down a flight of steps in the control tower at Newark Airport, unless lesions of the vertebrae associated with the malignancy of the glands are found."

He further reported: "In conclusion, it is my opinion, after orthopedic examination, that this patient is physically unable to perform any type of sustained physical work. However, before concluding that this physical disability is entirely the result of trauma sustained in the accident at Newark Airport, I would suggest routine X-rays of the spine and pelvis to eliminate bone lesions resulting from Hodgkin's disease."

Such X-rays were taken and the roentgenologist reported: "No areas of either increased or decreased density are noted, which are at all suggestive of malignancy such as Hodgkin's, lymphosarcoma, &c."

Prosecutor's personal physician, Dr. Royal A. Schaff, reviewed prosecutor's medical history at length, having treated him for the back injury in 1934 and for its resultant disability since that time. He testified to the gland trouble prosecutor had had and to the marked improvement resulting from X-ray treatments. He testified that he concurred in the findings of Dr. Flanagan and was of the opinion that "At the present time he [prosecutor] is not disabled from the Hodgkin's" but was disabled because of the condition of his back resulting from the fall sustained while at work.

In this state of the proofs, we conclude that the determination of the trustees of the pension fund is not reasonably supported by the evidence. It is inescapable that the condition of prosecutor's back is the cause of his disability and the weight of the evidence indicates that there is no relation between the gland condition and the back condition. The Hodgkin's disease probably adds to the physical discomfort of prosecutor and may decrease his ability to get about and do things, but the proofs are satisfactory that without the gland disease prosecutor would still be so disabled as to be unable to perform the duties of his office, and that such disability is the result of an injury sustained in and about the performance of his work.

We conclude that the determination should be set aside, and that the prosecutor is entitled to a continuation of the pension for disability arising from service, with costs.